WILLIAM E. CHASE, District Attorney Ashland County
In your letter of March 22, 1974, you indicate that Ashland County had taken title to certain real estate in the city of Ashland by means of three tax deeds, thereafter conveying the property to a private individual by quit claim deed. A question has been raised as to the validity of the tax deeds, in that the county treasurer had not published the name of the person to whom the involved taxes had been assessed, as required by sec. 75.07
(1), Stats., although the notice of application for the tax deeds under sec. 75.12 and the notice that such deeds had been taken were served as required by sec. 75.28 (2), Stats. You inquire whether the tax deeds were invalidated because of the omission to publish the name of the person to whom the taxes were assessed, under sec. 75.07 (1). This latter subsection provides:
 "75.07 REDEMPTION NOTICES; PUBLICATION. (1) Each county treasurer shall, at least 6 and not more than 10 months before the expiration of the time limited for redeeming lands sold as aforesaid, cause to be published as a class 2 notice, under ch. 985, in the county in which the lands are located, a list of all unredeemed lands, specifying each tract or lot, the name of the person to whom assessed, if any, and the amount of taxes, charges and interest, calculated to the last day of redemption, due on each parcel, together with a notice that unless such lands are redeemed on or before the day limited therefor, specifying the same, they will be conveyed to the purchaser. The county treasurer, for the purpose of such list, may condense such *Page 117 
descriptions when such condensed description will reasonably describe the premises."
I agree with your conclusion that the subsection involved is directory only, and not mandatory. In addition to the authorities you cite, the case of Allen v. Allen (1902), 114 Wis. 615, 624,625, 91 N.W. 218, expressly held that sec. 1170, Stats., now75.07, was directory merely, and that a failure to comply therewith did not avoid or invalidate a tax deed subsequently taken.
To be noted is the fact that the person to whom the taxes were assessed — that is, the owner, if known to the assessor, or the occupant, under sec. 70.17 — could not be prejudiced by a failure to comply with sec. 70.07 (1), since a tax deed may not be taken unless written notice of the application therefor has first been served upon the owner or one of the owners of record of the land to be subjected to the deed, whereupon, such owner may yet redeem prior to taking of the tax deed, pursuant to sec. 75.12 (4), Stats.
Also to be noted is that this statute was originally enacted by ch. 22, sec. 16, Laws of 1859, and has been amended at various times since. However, our Supreme Court has consistently held that the statute is directory, rather than mandatory; and significantly, the Legislature has not since seen fit to amend the statute so as to destroy the validity of the prior pronouncements of the Supreme Court thereon. See Hahn v. WalworthCounty (1961), 14 Wis.2d 147, 109 N.W.2d 653.
Consequently, you are advised that the tax deeds here involved conveyed to Ashland County an absolute estate in fee simple; and that such deeds, assuming they had been duly witnessed and acknowledged, are presumptive evidence of the regularity of all the proceedings, from the valuation of the land by the assessor up to and including the execution of the deed, under sec. 75.14
(1), Stats. You are further advised that in my opinion, should the validity of any of these tax deeds be drawn in question, the courts would undoubtedly hold that since sec. 75.07 must be treated as directory only, none of such deeds would be held invalid for failure of the prior publication under sec. 75.07 (1) to state the name of the person to whom the taxes were assessed.
RWW:RDM *Page 118